UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAELA E., )<br>    Plaintiff )<br> )<br>v. )          1:22-cv-00029-NT<br> )<br>KILOLO KIJAKAZI, Acting Commissioner )<br>of Social Security, )<br> )<br>    Defendant ) | |

# REPORT AND RECOMMENDED DECISION

On Plaintiff's application for supplemental security income benefits under Title XVI of the Social Security Act, Defendant, the Social Security Administration Commissioner, found that Plaintiff has severe impairments but retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court vacate the administrative decision and remand the matter for further proceedings.

## THE ADMINISTRATIVE FINDINGS

The Commissioner's final decision is the November 3, 2020, decision of the Administrative Law Judge. (ALJ Decision, ECF No. 8-2).[1] The ALJ's decision tracks the

---

[1] Because the Appeals Council found no reason to review that decision (R. 1), Defendant's final decision is the ALJ's decision.

familiar five-step sequential evaluation process for analyzing social security disability claims, 20 C.F.R. § 416.920.

The ALJ found that Plaintiff has severe, but non-listing-level impairments consisting of anxiety disorder, personality disorder, depressive disorder/bipolar disorder, and post-traumatic stress disorder (PTSD). (R. 14.) The ALJ further found that Plaintiff has the residual functional capacity (RFC) to perform a full range of work at all exertional levels, but she cannot have any exposure to extreme cold, heat, wetness, or humidity; or any exposure to concentrated fumes, odors, dust, gases, poorly ventilated areas, or concentrated chemicals; she is limited to simple, routine, repetitive tasks in a low stress job, with only occasional decision-making and only occasional changes in the work setting; she cannot interact with the public as a basic part of her job responsibilities, but that would not preclude superficial interactions; and she can only occasionally work with co-workers and supervisors. (R. 17.)

Based on the RFC finding, Plaintiff's age, education and work experience, and the testimony of a vocational expert, the ALJ concluded that Plaintiff can perform substantial gainful activity existing in the national economy, including the representative occupations of price marker, photocopy machine operator, and laundry worker. (R. 20.) The ALJ determined, therefore, that Plaintiff was not disabled.

## STANDARD OF REVIEW

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y*

*of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## DISCUSSION

Plaintiff argues, in part, that the ALJ's RFC assessment is not supported by the opinions of the state agency psychological consultants upon whom the ALJ relied because the experts' opinions are based on an incomplete medical record.

In August 2018, the state agency psychological consultant at the initial level, Mary Alyce Burkhart, Ph.D., concluded that the record evidence supports the diagnoses of anxiety, personality disorder, and depression, but that the anxiety was Plaintiff's only severe impairment. (R. 59-60.) Dr. Burkhart assessed Plaintiff's mental limitations related to the paragraph B criteria[2] of Listing 12.06 (anxiety related disorders), located at 20 C.F.R. Pt. 404, Supt. P, App.1, ¶ A, and found Plaintiff to be moderately impaired in all four criteria. (R. 60.) Dr. Burkhart determined that Plaintiff is (a) markedly limited in her ability to interact appropriately with the general public and (b) moderately limited in her

---

[2] The four paragraph B criteria are (1) understanding, remembering, or applying information, (2) interacting with others, (3) concentrating, persisting, or maintaining pace, and (4) adapting and managing oneself.

ability to understand and remember detailed instructions, carry out detailed instructions, maintain attention and concentration for extended periods, work in combination with or in proximity to others without being distracted by them, accept instructions and respond appropriately to criticisms from supervisors, get along with coworkers or peers without distracting them or exhibiting behavioral extremes, respond appropriately to changes in the work setting, travel in unfamiliar places or use public transportation, and set realistic goals or make plans independently of others. (R. 61-62.) Dr. Burkhart opined that Plaintiff can understand and remember simple instructions and tasks, work in two-hour blocks performing simple tasks over the course of a normal workday/workweek, work with coworkers and supervisors but not the public, and adapt to simple changes. (*Id.*)

At the reconsideration level, the mental RFC assessment of state agency psychological consultant David Houston, Ph.D., in November 2018, was essentially the same as Dr. Burkhart's assessment. (R. 67-68.) The ALJ, noting that the consultants' finding that Plaintiff was able to work was "not inconsistent with the medical evidence as a whole," found the conclusions of Drs. Burkhart and Houston to be persuasive and incorporated their findings into his RFC assessment. (R. 17, 19.)

Plaintiff contends the ALJ cannot supportably rely upon the consultants' opinions because the opinions are based upon an incomplete record. The consultants did not have the results of a psychological evaluation of Plaintiff conducted by Melanie A. Mace, Psy.D. on August 14, 2018. (R. 506-20.) Dr. Mace's evaluation was submitted after the state agency psychological consultants offered their opinions.

Dr. Mace administered multiple standardized assessments of Plaintiff, including

4

intelligence tests. (R. 506.) Plaintiff's scores on cognitive functioning tests generally ranged from average to low average, but she scored in the severely impaired range on a visual attention and working memory test of the ability to remain alert and consistently responsive to test stimuli. (R. 509-11.) Dr. Mace noted that, "[o]verall, [Plaintiff]'s learning and memory for abstract visual details is in the Low Average/Borderline range and significantly lower than the mean of all other subtests of learning and memory." (R. 511.) Plaintiff's ability to learn and remember simple verbal information was significantly more well-developed. (*Id.*)

Plaintiff also received "clinically significant" scores for "internalizing" and "externalizing" on the Maladaptive Behavior domain of the Vineland-3 Adaptive Behavior Composite (Vineland-3), which measures adaptive functioning. (R. 514-15.) Dr. Mace diagnosed Plaintiff with chronic PTSD as the primary diagnosis, with sequela from concussions that included a loss of consciousness of unspecified duration. (R. 516.) In her analysis of Plaintiff's scores on the Millon Clinical Multiaxial Inventory, Fourth Edition (MCMI-IV), Dr. Mace noted "[s]ymptoms consistent with a severe, persistent depressive disorder," including a number of delusional symptoms related to her PTSD, such as "transient ideas of reference, mixed jealousy, and persecutory beliefs." (R. 513.) Dr. Mace opined that Plaintiff "presents as experiencing a severe mental disorder" and is "at high risk for prolonged low mood, self-harm, [and] occupational underachievement." (R. 516-17.)

The ALJ discussed at least some of Dr. Mace's findings, including the results of one of the assessments Dr. Mace administered to Plaintiff, the Wechsler Adult Intelligence

Scale – Fourth Edition (WAIS-IV), observing that Plaintiff's

> general cognitive ability was estimated by the WAIS-IV in the average range. Based on testing, her ability to sustain attention, concentrate and exert mental control was in the average range, while her ability to swiftly and accurately process simple or routine visual material was her most well-developed ability and in the average range.

(R. 18.)

Generally, "a DDS non-examining expert's report cannot stand as substantial evidence in support of an administrative law judge's decision when material new evidence has been submitted [that] call[s] the expert's conclusions into question." *Eaton v. Astrue*, Civil No. 07-188-B-W, 2008 WL 4849327, at *5 (D. Me. Nov. 6, 2008). An ALJ may, however, rely on experts' reports despite later-submitted evidence when the new evidence "does not call into question their conclusions." *Emily A. v. Saul*, No. 2:19-cv-00071-JDL, 2020 WL 2488576, at *7 (D. Me. May 14, 2020). Where the unseen portions of the record "are merely cumulative or consistent with the preexisting record and/or contain evidence supportably dismissed or minimized by the ALJ," there is no material change in the record evidence that would call a consultant's conclusions into question. *Id*. (citing *Robert L. v. Berryhill*, No. 1:17-cv-00348-JDL, 2018 WL 3599966, at *6 (D. Me. July 27, 2018)).

Here, the ALJ relied on the state agency consultants who found Plaintiff only moderately limited in many aspects, including in her ability to understand and carry out detailed instructions, to respond appropriately to changes, and to maintain attention and concentration for extended periods of time. The limitations revealed during the testing and Dr. Mace's conclusions derived from the tests are material additions to the record reviewed by the consultants. Whether the additional information would ultimately alter the opinions

6

of the consultants is uncertain. The question is whether the additional information is consistent with the record reviewed by the consultants or whether the ALJ supportably minimized or dismissed the additional information such that Dr. Mace's report and the test results do not "call into question" the consultants' opinions.

First, a legitimate issue exists as to whether an ALJ has the requisite expertise to determine that the additional information might alter the consultants' opinions. Although an ALJ is not precluded from "rendering common-sense judgments about functional capacity based on medical findings," an ALJ "is not qualified to assess [RFC] based on a bare medical record." *Gordils v. Sec'y of Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990). The assessment of Plaintiff's below average, borderline impaired, and severely impaired performance on various modules of the WAIS-IV, the clinically significant scores on modules of the Vineland-3, the scores on the MCMI-IV reflecting symptoms of a severe mental disorder, and Dr. Mace's findings following the testing and her evaluation of Plaintiff are material to the assessment of Plaintiff's RFC and appear to require more than a common-sense judgment.

Even if the assessment were deemed to be a "common-sense judgment," a significant portion of the information generated by the test results and Dr. Mace's findings is not consistent with the record reviewed by the consultants and the ALJ did not sufficiently minimize the test results and Dr. Mace's findings. While the ALJ commented on some of the test results that might be consistent with the consultants' opinions, the ALJ did not address the findings that could reasonably be viewed as inconsistent with the consultants' opinions. For instance, the ALJ did not discuss Plaintiff's scores on the Millon

7

Clinical Multiaxial Inventory, Fourth Edition (MCMI-IV) or Dr. Mace's finding that Plaintiff "presents as experiencing a severe mental disorder" and is "at high risk for prolonged low mood, self-harm, [and] occupational underachievement." (R. 516-17.)

Because the test results and Dr. Mace's findings are not merely cumulative or consistent with the record reviewed by the consultants and because the ALJ did not supportably dismiss or minimize the results and findings, the consultant experts formed their opinions without material medical evidence that "calls into question" their opinions. *Emily A.*, 2020 WL 2488576, at *7.  Accordingly, remand is warranted.[3]

### CONCLUSION

Based on the foregoing analysis, I recommend the Court vacate the administrative decision and remand the matter for further proceedings.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 4th day of October, 2022.

---

[3] Because I have determined that remand is warranted on this issue, I have not addressed Plaintiff's other claimed errors.